UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MONTAZ KENNEDY,<br><br>    Plaintiff,<br><br>v.<br><br>TERA JACKSON-DAVIS et al.,<br><br>    Defendants. | Case No. 24-11290<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING DEFENDANTS' JONES AND HARVEY'S UNOPPOSED MOTIONS TO DISMISS [47, 48]**

On May 10, 2023, the Detroit Police Department towed an abandoned 2005 Ford Explorer. Weeks later, Montaz Kennedy, the owner of the vehicle, went to Detroit's 36th District Court to file a petition for a hearing to challenge the towing pursuant to Michigan Compiled Laws § 257.252a(6). After speaking with several clerks, Kennedy learned he could not file his petition without paying a $40 bond plus the amount of the towing/storage fees. Kennedy could not afford those fees. Subsequently, on June 22, 2023, Kennedy's vehicle was sold by the Detroit Police Department at public auction.

Over a year later, Kennedy filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 against Michigan Governor Gretchen Whitmer, Secretary of State Jocelyn Benson, and five clerks of the 36th District Court, alleging violations of his First and Fourteenth Amendment rights. (ECF Nos. 1, 31.) Two of the court clerks, Rosco Harvey and Vanessa Jones, now move to dismiss Kennedy's claims against them,

arguing that they are entitled to quasi-judicial immunity. (ECF Nos. 47, 48.) Kennedy does not argue otherwise. Accordingly, the Court GRANTS Defendants' motions to dismiss.

## I.

When, as here, the plaintiff has failed to respond, the motion to dismiss is unopposed. *See* E.D. Mich. LR. 7.1(c)(1). What that means in this Circuit is not entirely clear. Some cases suggest the motion can be granted for that reason alone because plaintiff has abandoned any potential arguments. *See, e.g.*, *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) (citing cases) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned.").

But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim on the sole ground that a plaintiff has failed to respond pursuant to a local rule. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Thus, for good measure the Court will review the merits of the motion to

dismiss to determine whether the Defendants have satisfied their burden under Federal Rule of Civil Procedure 12(b)(6). In other words, the Court will analyze the complaint and construe it liberally to determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.

On May 10, 2023, Detroit Police towed Montaz Kennedy's 2005 Ford Explorer. (ECF No. 31, PageID.189.) Four days later, the Secretary of State sent Kennedy a Notice of Abandoned Vehicle that included instructions on how he could file a petition for a hearing on the status of his vehicle. (*Id.* at PageID.198.) On May 26, Kennedy went to the 36th District Court intending to file a "Petition for Hearing on Abandoned Vehicle" and a "Fee Waiver Request" form so he could get his car back. (*Id.* at PageID.189.) But a court clerk informed Kennedy that, before his petition could be filed, he had to pay a bond equal to $40 plus the amount of the accrued towing and storage fees pursuant to Michigan Compiled Laws § 257.252a(6). (*Id.*)[1]

Kennedy explained to the clerk that he did not have the funds to pay those fees. (*Id.* at PageID.190.) The clerk called for her supervisor, who ultimately agreed that Kennedy could not file his petition without paying the necessary fees. (*Id.* at

---

[1] This section provides, in relevant part, that "[t]he owner may contest the fact that the vehicle is considered abandoned or the reasonableness of the towing fees and daily storage fees by requesting a hearing and posting a bond equal to $40.00 plus the amount of the accrued towing and storage fees."

3

PageID.191.) The supervisor also provided Kennedy with a court complaint form, which allowed him to explain his inability to pay. (*Id.*)

Kennedy filled out and submitted the complaint form during a separate visit to the court on June 2. (*Id.*; *see* ECF No. 41, PageID.421–423.) He also spoke with Landlord-Tenant Division Supervisor Rosco Harvey, who told Kennedy that he would give his complaint to the Director of the Landlord-Tenant Division and assured Kennedy that the Director would contact him to discuss the complaint. (ECF No. 31, PageID.192.) But Kennedy was never contacted. (*Id.*) So, on June 13, Kennedy called the court and again spoke with Harvey, who said he would investigate the matter and get back to Kennedy. (*Id.*)

That same day, Kennedy called the court again to ask about the status of his complaint and spoke with Landlord-Tenant Division Supervisor Vanessa Jones. (*Id.* at PageID.193.) Jones provided Kennedy with Director Tera Jackson-Davis' email address. (*Id.*) Later that evening, Kennedy sent Jackson-Davis an email explaining his inability to pay the fees to file his petition. (*Id.*)

In response, on June 14, Jackson-Davis sent an email to Kennedy informing him that she needed to see the documents Kennedy was referring to and asked that he bring them to the 36th District Court the following day. (*Id.*) Thus, on June 15, Kennedy went back to the 36th District Court and spoke with Jackson-Davis about his complaint, which Jackson-Davis determined Harvey had failed to submit to her. (*Id.*) Jackson-Davis accepted the complaint and supporting documents and told Kennedy she would mail him a response the following day. (*Id.* at PageID.195.)

4

In that complaint, Kennedy stated that Michigan Compiled Laws § 257.252(a) prevented him from filing a petition due to his inability to pay the associated fees. Further, Kennedy stated that he had filed a Freedom of Information Act request on May 15 to secure evidence that the seizure of his 2005 Ford truck was improper. (*Id.*)

On June 16, the day after Kennedy met with Jackson-Davis, the Detroit Police Department placed a notice in the *Legal News* publication that Kennedy's vehicle would be sold at public auction. (ECF No. 36-2, PageID.280.) And less than a week later, the car was sold for $825. (*Id.*) On June 27, having received no response to his complaint, Kennedy emailed Jackson-Davis inquiring as to why she had not replied. (ECF No. 31, PageID.196.) Jackson-Davis explained that she placed her reply in the mail on June 16, but suggested that it may not have been sent out until June 20 due to the court's closure for the Juneteenth holiday. (*Id.* at PageID.197.) She also attached her reply, which offered Kennedy no alternative to file his petition without paying the bond and towing/storage fees to the court. (*Id.*)

A year later, Kennedy filed this lawsuit alleging constitutional violations under 42 U.S.C. § 1983. (ECF No. 31.) Kennedy argues that Harvey and Jones denied him access to the judicial system and deprived him of due process in violation of his First and Fourteenth Amendment rights, respectively. Kennedy further asserts that Michigan Compiled Laws § 257.252(a) is unconstitutional, both facially and as applied to him, because indigent petitioners, like Kennedy, who cannot pay the fees for a hearing are denied procedural due process before they are deprived of their cars. (*Id.* at PageID.201–208.) He seeks declaratory and injunctive relief to stop the

5

enforcement of § 257.252(a), as well as the return of his 2005 Ford Explorer. (*Id.* at PageID.209–211.)

Defendants Harvey and Jones moved to dismiss Kennedy's claims against them based on quasi-judicial immunity. (ECF Nos. 47, 48.) Oral argument is not needed to resolve these unopposed motions. *See* E.D. Mich. LR 7.1(f).

### III.

Judges and other court officers are absolutely immune from suits under § 1983 for claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam). The Supreme Court has endorsed a "functional" approach in determining whether an official is entitled to absolute immunity. *Forrester v. White*, 484 U.S. 219, 224 (1988). Under this approach, courts "look to the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Generally, quasi-judicial duties include "tasks so integral or intertwined with the judicial process that [persons performing the tasks] are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). And "[w]hen judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson*, 508 U.S. 429 (1993) (quoting *Imbler* v. *Pachtman*, 424 U.S. at 423 n.20 (1976)).

It is well settled that, because "filing a pleading is an integral part of the judicial process," a clerk's—like Harvey or Jones'—"acceptance or rejection of a

6

pleading for filing is a quasi-judicial function." *See Garrison v. Wilson*, No. 24-1198, 2025 U.S. App. LEXIS 870, at *4 (6th Cir. Jan. 14, 2025) (citing *Stampone v. Mich. Sup. Ct.*, No. 24-1252, 2024 WL 4349743, at *3 (6th Cir. July 17, 2024)). Relevant here, Michigan Court Rule 8.119(C) requires officers of the court to "process and maintain documents . . . as prescribed by Michigan Court Rules and the Michigan Trial Court Records Management Standards." When a litigant tenders a document to the clerk for filing, the clerk must decide whether they "shall process" the document because it conforms to the rules or whether they "may reject" the document because it does not. Mich. Ct. R. 8.119(C). "The clerk of the court may . . . reject documents submitted for filing that . . . are not accompanied by a required filing fee." *Id.* Accordingly, both the Sixth Circuit and Michigan courts have recognized that processing documents under Rule 8.119(C) is a task that requires discretion. *See Garrison*, 2025 U.S. App. LEXIS 870, at *5 ("Consequently, in Michigan, the clerk of court's role in filing documents . . . requires the exercise of judgment and discretion."); *Howard v. Bouwman*, 650 N.W.2d 114, 119 (Mich. Ct. App. 2002) (per curiam). This means that Harvey and Jones were engaged in a discretionary, quasi-judicial function when they rejected Kennedy's filing of his petition.

Whether Kennedy's petition complied with the rules is not relevant in determining whether the defendants are entitled to quasi-judicial immunity. *See Garrison*, 2025 U.S. App. LEXIS 870, at *6. Indeed, for purposes of quasi-judicial immunity, the question is whether the defendants have discretionary authority to act, not whether they properly exercised that discretion. *Id.*; *see Cooper v. Parrish*,

7

203 F.3d 937, 945 (6th Cir. 2000) ("[C]ourts should focus on the nature and function of an act, and not the act itself, when deciding whether certain actions were taken in a judge's judicial capacity." (internal quotation omitted)). Accordingly, Harvey and Jones are entitled to judicial immunity regardless of whether they abused their discretion in rejecting the filing. *See Garrison*, 2025 U.S. App. LEXIS 870, at *6.

Similarly, the fact that Kennedy seeks declaratory and injunctive relief does not change the Court's conclusion. Kennedy does not allege that Harvey or Jones "violated a prior decree to accept his [Petition]." *See Garrison*, 2025 U.S. App. LEXIS 870, at *7 (collecting cases); *Orta v. Repp*, No. 23-3034, 2023 U.S. App. LEXIS 23388, at *9 (6th Cir. Sept. 1, 2023) ("Section 1983 at any rate generally does not permit plaintiffs to seek injunctions against judges acting in their judicial capacity."); *Queen v. Farhat*, No. 25-10444, 2025 U.S. Dist. LEXIS 76471, at *9–12 (E.D. Mich. Apr. 22, 2025).

Thus, because Harvey and Jones are officers of the court who were performing quasi-judicial duties at all times relevant to Kennedy's complaint, they are immune from Kennedy's suit.

## IV.

For the foregoing reasons, the Court GRANTS Harvey and Jones' motions to dismiss (ECF Nos. 47, 48).

SO ORDERED.

Dated: June 17, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE